UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
BRAD ROBERTS and STACEY ROBERTS,

                                      Plaintiff,                  Case No.: _____

                - against –                        JURY TRIAL DEMANDED

PUOPOLO M.D., P.C.

                                  Defendant.
------------------------------------------------------------------ X

## COMPLAINT

Plaintiffs, BRAD ROBERTS and STACEY ROBERTS, complaining of the defendant, allege for their complaint as follows:

## THE PARTIES

1. At all times mentioned herein, Plaintiff BRAD ROBERTS is a natural person residing in, and a citizen of, the State of South Carolina.

2. At all times mentioned herein, Plaintiff STACY ROBERTS is a natural person residing in, and a citizen of, the State of South Carolina.

3. Upon Information and belief, Defendant PUOPOLO M.D., P.C. is a corporation existing under the laws of the State of California.

4. Upon information and belief, New York is the headquarters and principal place of business for Defendant PUOPOLO M.D., P.C.

5. Upon information and belief, at all times relevant to the acts complained of in this complaint, Anthony Puopolo, MD was a servant, agent, affiliated physician, and/or employee of and acting on behalf of Defendant PUOPOLO M.D., P.C.

6. Upon information and belief, at all times relevant to the acts complained of in this complaint, Anthony Puopolo MD owned and operated Defendant PUOPOLO M.D., P.C.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over the action pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of interest and costs, and it is between citizens of different states.

8. Venue is proper in this district pursuant 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this district, including specifically the issuance of the prescriptions for the medication that was negligently prescribed to Brad Roberts from an office in Manhattan maintained by Defendant and, upon information and belief, because Defendant's principal place of business is within this district.

## FACTUAL ALLEGATIONS

9. At all times relevant to the acts complained of in this complaint, the Defendant, PUOPOLO M.D., P.C. held itself out as maintaining an adequate and competent staff, including doctors, technicians, nurses and other medical personnel, and further warranted that the members of its said staff were qualified and trained for the purpose of providing such medical care, advice, referral, recommendation, management, treatment and attention as they would be required to provide in accordance with the accepted standards of medical practice to persons seeking and requiring such medical care and attention. Defendant further held itself out as being equipped in sufficient manner to render such care, advice, referral, recommendation, management and treatment at its said office.

10. All of Dr. Puopolo's treatment of Brad Roberts took place remotely.

11. Dr. Puopolo did not treat Brad Roberts in person.

12. From November of 2022, through November 2023, Dr. Puopolo prescribed Brad Roberts multiple overlapping and conflicting doses of glucagon-like peptide-1 ("GLP-1") weight-loss medication.

13. GLP-1s are commonly known by their brand names Ozempic, Mounjaro, and Wegovy.

14. The prescriber address listed by Dr. Puopolo on his prescriptions for Brad Roberts is Defendant's New York address.

15. Dr. Puopolo's prescriptions of GLP-1s to Brad Roberts did not follow the manufacturer prescribing and titration guidelines. The titration of a GLP-1 regulates the dosage to the patient.

16. In addition to the GLP-1s, Dr. Puopolo prescribed non-FDA approved synthetic compound peptides to enhance the speed of Brad Roberts's weight-loss.

17. Dr. Puopolo's failure to follow the manufacturer's prescribing and titration guidelines caused debilitating injuries to Brad Roberts and significant harm to him and his family.

18. Dr. Puopolo's combining experimental peptides and weight loss medications with GLP-1s caused debilitating injuries to Brad Roberts and significant harm to him and his family.

19. Neither Dr. Puopolo nor anyone else affiliated with the Defendant conducted formal clinical follow-ups while prescribing GLP-1s and other weight-loss drugs to Brad Roberts.

20. At no time was Brad Roberts advised of the risks and benefits associated with any of the drugs that he was prescribed by Defendant and Dr. Puopolo.

21. At no time was Brad Roberts advised of alternative available treatments.

22. Had the risks been properly explained to Brad Roberts, he would not have taken the drugs prescribed by Defendant and Dr. Puopolo.

**FIRST CAUSE OF ACTION**
**(MEDICAL MALPRACTICE)**

23. Plaintiffs repeat and reaffirm each and every allegation set forth in this complaint as if fully restated herein.

24. The medical care and treatment rendered by Defendant, its servants, agents, affiliated physicians, and/or employees, to Brad Roberts was rendered in a careless, reckless and

negligent manner, not in accordance and conformity with proper and accepted medical practices and procedures, and constitutes malpractice.

25. At all relevant times, Defendant, its servants, agents, affiliated physicians, and/or employees, owed Brad Roberts a duty to exercise reasonable care and skill in the administration of medical treatment, including the prescription and management of GLP-1 drugs.

26. Brad Roberts' GLP-1 regimen exceeded the manufacturer recommended guidelines and conflicted and/or overlapped with other prescription drugs prescribed by the Defendant to Brad Roberts.

27. Defendant, its servants, agents, affiliated physicians, and/or employees, prescribed a rapid and excessive titration schedule that was not medically justified or safe.

28. Defendant, its servants, agents, affiliated physicians, and/or employees, failed to meet the minimum requirements of follow up visits that were no less frequent than every one to two months, included a weight-loss check and an assessment of the patient's well-being, and an assessment of the presence of negative side effects from the weight-loss medication.

29. Follow up visits allow for monitoring to assess for complications and to prevent complications from worsening or becoming permanent.

30. Defendant, its servants, agents, affiliated physicians, and/or employees, failed to properly and timely diagnose Brad Roberts's medical conditions and the negative side effects of his weight loss as they arose following the prescription of GLP-1s and other drugs to Mr. Roberts.

31. Defendant, its servants, agents, affiliated physicians, and/or employees, failed to properly and timely refer Brad Roberts to appropriate specialists.

32. Defendant, its servants, agents, affiliated physicians, and/or employees, deviated from proper and accepted standards of medical care by:

    A. overprescribing Mounjaro and other GLP-1s;

    B. failing to administer GLP-1 in accordance with manufacturer guidelines;

    C. titrating Brad Roberts on GLP-1s too quickly;

4

  D. prescribing conflicting and overlapping drugs in addition to the GLP-1s;

  E. failing to conduct appropriate follow-up visits;

  F. failing to monitor Brad Roberts's weight-loss and well-being;

  G. failing to assess Brad Roberts for side-effects and complications from the drugs prescribed by Defendant;

  H. failing to timely and properly diagnose side-effects and complications from the drugs prescribed by Defendant;

  I. failing to timely and properly refer Mr. Roberts to specialists for care

  J. failing to properly care for and treat Brad Roberts's injuries as a result of the excessive and rapid weight loss;

  K. unreasonably delaying the diagnoses of his actual conditions;

  L. failing to conform to and follow proper, safe and correct procedures; and

  M. failing to provide proper and adequate follow-up care to Brad Roberts.

  33. As a result of the carelessness, recklessness and negligence of Defendant, its servants, agents, affiliated physicians, and/or employees, Bard Roberts has been caused to sustain severe and permanent personal injuries; pain and suffering; was caused to be rendered sick, sore, lame and disabled and will in the future be so caused; was caused to seek extensive medical care and treatment, including multiple corrective surgeries, and will in the future be so caused to seek further treatment; was caused to incur substantial medical bills and out of pocket expenses; was caused to be incapacitated from attending to his usual duties and occupation and will in the future be so caused, resulting in significant diminishment of his lifetime earning capacity; endured significant emotional distress resulting from the aforesaid injuries; and was otherwise damaged, all of which damages and injuries are permanent in nature and continuing into the future.

  34. Defendant's conduct demonstrates a willful, wanton, and reckless disregard for Brad Roberts' health and safety, as Defendant and its servants, agents, affiliated physicians, and/or

employees and acted with knowledge of the risks associated with the rapid weight loss and titration schedule but continued to administer the drugs in an unsafe manner to achieve commercial goals.

35. By reason of the above, Plaintiffs bring this action for his past and future conscious pain, suffering, loss of enjoyment of life, and economic damages, both general and special.

36. Plaintiffs also seek punitive damages due to Defendant's willful, wanton, and reckless disregard for Brad Roberts's health and safety.

## SECOND CAUSE OF ACTION
## (LACK OF INFORMED CONSENT)

37. Plaintiffs repeat and reaffirm each and every allegation set forth in this complaint as if fully restated herein.

38. At all times relevant, Defendant, its servants, agents, affiliated physicians, and/or employees, were required to obtain Brad Roberts's informed consent for the treatment provided.

39. Defendant, its servants, agents, affiliated physicians, and/or employees, failed to inform Plaintiff of the reasonably foreseeable risks and benefits of, and alternatives to, the treatment proposed and rendered, which would have been disclosed by a reasonable medical practitioner in similar circumstances, in consequence of which Defendant, its servants, agents, affiliated physicians, and/or employees, failed to obtain an informed consent thereto.

40. Reasonably prudent persons in Brad Roberts's position would not have consented to the treatment rendered in connection with Brad Roberts's condition if they had been fully informed of the risks, hazards and alternatives connected with said procedures

41. The lack of informed consent alleged herein is an actual and proximate cause of the injuries, conditions, and disabilities for which recovery is sought.

42. By reason of the above, Brad Roberts has been caused to sustain severe and permanent personal injuries; pain and suffering; was caused to be rendered sick, sore, lame and disabled and will in the future be so caused; was caused to seek extensive medical care and treatment, including multiple corrective surgeries, and will in the future be so caused to seek

6

further treatment; was caused to incur substantial medical bills and out of pocket expenses; was caused to be incapacitated from attending to his usual duties and occupation and will in the future be so caused, resulting in significant diminishment of his lifetime earning capacity; endured significant emotional distress resulting from the aforesaid injuries; and was otherwise damaged, all of which damages and injuries are permanent in nature and continuing into the future.

43.     By reason of the above, Plaintiffs bring this action for his past and future conscious pain, suffering, loss of enjoyment of life, and economic damages, both general and special.

44.     Plaintiffs also seeks punitive damages due to Defendant's willful, wanton, and reckless disregard for Brad Roberts's health and safety.

### THIRD CAUSE OF ACTION
### (VICARIOUS LIABILITY – NEGLIGENT HIRING/SUPERVISION)

45.     Plaintiffs repeat and reaffirm each and every allegation set forth in this complaint as if fully restated herein.

46.     Defendant was negligent in hiring and supervising medical personnel, including Dr. Puopolo, who were careless, unskillful, negligent, and who did not possess the requisite knowledge and skill of a medical professional in the community, and who failed to ensure the safety of patients, including Brad Roberts.

47.     Defendant, prior to the granting or renewing of privileges or employment of Dr. Puopolo, fellows, residents, interns, and others involved in Brad Roberts's care failed to investigate the qualifications, competence, capacity, abilities and capabilities of said Defendant, fellows, residents, interns, and other employees including, but not limited to, obtaining the following information: patient grievances, negative health care, outcomes, incidents and injuries to patients, medical malpractice actions commenced against said persons, including the outcome thereof, any history of association, privilege and/or practice at other institutions, any discontinuation of said association, employment privilege and/or practice at said institution, and any pending professional misconduct proceedings in this State or in any other state, the substance of the allegations and such

proceedings and any additional information concerning such proceedings and the findings of such proceedings, and failed to make sufficient inquiry to the doctors, and/or employee in institutions which should and did have information relative to the capacity, capability, ability and competence of said persons rendering treatment.

48. Had the Defendant made the above described inquiry or, in the alternative, had the Defendant reviewed and analyzed the information obtained in a proper manner, privileges and/or employment would not have been granted and/or renewed.

49. By reason of the Defendant's failure to meet the aforementioned obligation, Brad Roberts was treated by doctors, and/or other employees who were lacking the requisite skills, abilities, competence and capacity, as a result of which Brad Roberts sustained severe injuries and complications.

50. By reason of the above, Brad Roberts has been caused to sustain severe and permanent personal injuries; pain and suffering; was caused to be rendered sick, sore, lame and disabled and will in the future be so caused; was caused to seek extensive medical care and treatment, including multiple corrective surgeries, and will in the future be so caused to seek further treatment; was caused to incur substantial medical bills and out of pocket expenses; was caused to be incapacitated from attending to his usual duties and occupation and will in the future be so caused, resulting in significant diminishment of his lifetime earning capacity; endured significant emotional distress resulting from the aforesaid injuries; and was otherwise damaged, all of which damages and injuries are permanent in nature and continuing into the future.

51. By reason of the above, Plaintiffs bring this action for past and future conscious pain, suffering, loss of enjoyment of life, and economic damages, both general and special.

52. Plaintiffs also seek punitive damages due to Defendant's willful, wanton, and reckless disregard for Brad Roberts's health and safety.

## FOURTH CAUSE OF ACTION
### (LOSS OF CONSORTIUM AND SERVICES)

53. Plaintiffs repeat and reaffirm each and every allegation set forth in this complaint as if fully restated herein.

54. At all times herein mentioned Stacy Roberts was the lawful spouse of Brad Roberts.

55. As a result of the Defendant's negligence and malpractice as aforesaid Stacy Roberts was deprived and will continue to be deprived of the services and society of her husband, Brad Roberts.

56. As a result of the foregoing Stacy Roberts, sustained damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs are entitled to and pray for the following relief:

A. Enter judgment against Defendant.

B. Award economic damages, both general and special, in an amount to be determined at trial.

C. Award of punitive damages in an amount to be determined at trial.

D. Award of the costs and expenses incurred in bringing this action.

E. Such other relief as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to FED. R. CIV. P. 38(b), Plaintiffs demand a trial by jury on all questions of fact raised by the Complaint.

Dated: October 28, 2024               Respectfully Submitted,

                                          GRAFF SILVERSTEIN LLP

                                        /s/David Graff

                                        David Graff
                                        Matthew J. Silverstein
                                        3 Middle Patent Road
                                        Armonk, New York 10504
                                        (212)-381-6055
                                        dgraff@graffsilversteinllp.com
                                        msilverstein@graffsilversteinllp.com


                                        SHIMKO LAW, P.C.

                                        /s/Daniel Shimko

                                        Daniel Shimko, Esq.
                                        300 Cadman Plaza West
                                        One Pierrepont Plaza 12th Floor
                                        Brooklyn, NY 11201
                                        718-504-5533

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
BRAD ROBERTS and STACY ROBERTS,

                    Plaintiff,

      - against –                              Case No.: _____

PUOPOLO M.D., P.C.

                    Defendant.
------------------------------------------------------------------- X

## **CERTIFICATE OF MERIT**

      DANIEL SHIMKO, the undersigned, an attorney admitted to practice in the Courts of New York State, states that he is a member of SHIMKO LAW PC., attorneys for the Plaintiff in the within action. I have reviewed the facts of this case and have consulted with at least one physician who is licensed to practice in this State or any other state and who I reasonably believe is knowledgeable in the relevant issues involved in this action, and I have concluded on the basis of such review and consultation that there is a reasonable basis for the commencement of this action.

Dated: October 28, 2024                            Respectfully Submitted,

                                                              SHIMKO LAW, P.C.

                                                              /s/Daniel Shimko

                                                              Daniel Shimko, Esq.
                                                              300 Cadman Plaza West
                                                              One Pierrepont Plaza 12th Floor
                                                              Brooklyn, NY 11201
                                                              718-504-5533