UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------X
BRAD ROBERTS and STACEY ROBERTS,

                Plaintiffs/Counterclaim-
                Defendants,
     -against-

PUOPOLO M.D., P.C.,

                Defendant/
                Counterclaim-Plaintiff.
-------------------------------------------X

1:24-cv-08162-LGS-RFT

**CONFIDENTIALITY STIPULATION AND
PROPOSED PROTECTIVE ORDER**

WHEREAS, the parties having agreed to the following terms of confidentiality, and the

Court having found that good cause exists for the issuance of an appropriately tailored

confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information

and documents produced by the parties and any non-party in connection with the pre-trial phase

of this action:

1.      Counsel for any party or non-party may designate any document, information, or

pre-trial testimony, in whole or in part, as confidential if counsel determines, in good faith, that

such designation is necessary to protect the interests of the client in information that is

proprietary, a trade secret, or otherwise sensitive non-public information ("Confidential

Information"). Information and documents designated by a party or non-party as confidential

will be stamped "CONFIDENTIAL."

2.      The Confidential Information disclosed will be held and used by the person

receiving such information solely for use in connection with the action.

3.      In the event a party challenges another party or non-party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

4.      Documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

     a.   The requesting party including, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates,[1] and counsel, including in-house counsel and corporate affiliate in-house counsel;

     b.   Employees of such counsel assigned to and necessary to assist in the litigation;

     c.   Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and

     d.   The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

The parties should meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only."

---

[1] For Defendant, such partners, corporate parent, subsidiaries, or affiliates include the following entities, including any such entities' officers, directors, and employees:  LifeMD, Inc.; LifeMD Southern Patient Medical Care, P.C.; LifeMD Atlantic Patient Medical Care, P.C.; LifeMD Kansas Patient Medical Care, P.A.; LifeMD Midwest Patient Medical Care, P.C.; LifeMD New England Patient Medical Care, P.A.; LifeMD South Central Patient Medical Care, P,C.; LifeMD Puerto Rico Patient Medical Care, P.C.; New York Patient Medical Care, P.C.; and LifeMD Pharmacy Services, LLC.

5.      Prior to disclosing or displaying the Confidential Information to any person, counsel must:

   a.   Inform the person of the confidential nature of the information or documents;

   b.   Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

   c.   Require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A.

6.      In the case of deposition or other pre-trial testimony, a party or non-party may designate testimony as confidential either by (i) making a statement on the record at the time of the disclosure; or (ii) within 21 business days of receiving a final deposition transcript, sending a written notice to counsel for all parties to this litigation identifying the portions of the testimony to which the designation applies; and in both of the foregoing instances, the designating party or non-party shall direct the court reporter to affix the legend reflecting the appropriate designation to the first page and all designated portions of the transcript, including all copies thereof; if a party or non-party indicates at a deposition that the Confidential Information has been disclosed in the deposition, the transcript in its entirety shall be treated as Confidential Information for 21 business days following receipt of the final deposition transcript. All persons and parties or non-parties in possession of a copy of a designated deposition transcript shall appropriately mark it as containing Confidential Information.

7.      The disclosure of a document or information without designating it as "CONFIDENTIAL" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thereafter be treated as Confidential Information subject to all the terms of this Stipulation and Order.

8.      Any Personally Identifying Information ("PII") (*e.g.*, social security numbers, financial account numbers, passwords and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure, confidential and shared only with authorized individuals in a secure manner. Nothing herein shall preclude the producing party or non-party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

9.      Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

10.      Notwithstanding the designation of information as "CONFIDENTIAL" in discovery, there is no presumption that such information shall be filed with the Court under seal. For

- 5 -

requests to file information under seal, the parties shall follow the individual rules of the judge for whom the information is being submitted, as well as Section 6 of the Court's ECF Rules & Instructions.

11.    At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or non-party or, upon permission of the producing party or non-party, destroyed.

12.    Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.


Dated: January 27, 2026    SO ORDERED
      New York, NY

ROBYN F. TARNOFSKY
UNITED STATES MAGISTRATE JUDGE

- 6 -

**SO STIPULATED AND AGREED.**

Dated: January 23, 2026
      New York, NY

SHIMKO LAW, P.C.                                   KASOWITZ LLP

By: */s/ David Graff*                              By: */s/ Daniel J. Koevary*

Daniel Shimko, Esq.                                Marc E. Kasowitz
300 Cadman Plaza West                              Albert Shemmy Mishaan
One Pierrepont Plaza 12th Floor                    Daniel J. Koevary
Brooklyn, NY 11201                                 1633 Broadway
Tel: (718) 504-5533                                New York, New York 10019
dshimko@shimkolaw.com                              Tel: (212) 506-1700
                                                   mkasowitz@kasowitz.com
GRAFF SILVERSTEIN LLP                              amishaan@kasowitz.com
                                                   dkoevary@kasowitz.com
David Graff
Matthew J. Silverstein                             MARTIN CLEARWATER & BELL LLP
3 Middle Patent Road
Armonk, New York 10504                             Charles S. Schechter
Tel: (212) 381-6055                                Nicole S. Barresi
dgraff@graffsilversteinllp.com                     Daniel P. Borbet
msilverstein@graffsilversteinllp.com               220 East 42nd Street, 13th Floor
                                                   New York, New York 10017
                                                   Tel: (212) 697-3122
*Attorneys for Plaintiffs/Counterclaim-            schecc@mcblaw.com
Defendants*                                        nicole.barresi@mcblaw.com
                                                   daniel.borbet@mcblaw.com

                                                   *Attorneys for
                                                   Defendant/Counterclaim-Plaintiff*

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
BRAD ROBERTS and STACEY ROBERTS,

                     Plaintiffs/Counterclaim-
                     Defendants,
     -against-
PUOPOLO M.D., P.C.,

                     Defendant/
                     Counterclaim-Plaintiff.
------------------------------------------X

                     1:24-cv-08162-LGS-RFT

                     **NON-DISCLOSURE AGREEMENT**

I, _____ , acknowledge that I have read and understand the Confidentiality Stipulation and Protective Order in this action governing the non-disclosure of those portions of discovery material that have been designated as Confidential. I agree that I will not disclose such material to anyone other than for purposes of this litigation, and that at the conclusion of the litigation I will either return all discovery material to the party or attorney from whom I received it, or upon permission of the producing party, destroy such discovery material. By acknowledging these obligations under the Confidentiality Stipulation and Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____, 2026

_____        _____
Name(printed)                                       Signature

Signed in the presence of:

_____        _____
(Attorney)