UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                            :

BRAD ROBERTS, by and through his next friend :
ABBE ROBERTS, and STACEY ROBERTS,    :
                                            :

                         Plaintiffs,    :         24 Civ. 8162 (LGS)
                                            :

              -against-             :       **OPINION & ORDER**
                                          :

LIFEMD ATLANTIC PATIENT MEDICAL    :
CARE, P.C.,                                  :

                                       :
                        Defendant.   :
------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

       Defendant LifeMD Atlantic Patient Medical Care, P.C.[1] objects to the February 12, 2026,

Opinion & Order issued by Magistrate Judge Robyn Tarnofsky (the "Order") granting in part and

denying in part Defendant's application seeking (1) disqualification of Plaintiffs' counsel under

New York Rule of Professional Conduct ("RPC") 3.7 and (2) a determination under Federal Rule

of Civil Procedure 17(c) as to whether Plaintiff Brad Roberts ("Brad") requires the appointment

of a guardian ad litem or other legal representative[2] due to his alleged incompetence.  Because

the Order is neither clearly erroneous nor contrary to law, Defendant's objections (the

"Objections") are overruled.

## I.     BACKGROUND

       This Opinion & Order assumes familiarity with the facts and procedural history of the

underlying dispute and discusses only those facts relevant to the Objections.  On October 28,

---

[1] Puopolo M.D., P.C. was the original defendant in this action.  On February 2, 2026, LifeMD
Atlantic Patient Medical Care, P.C. was substituted as the defendant.
[2] For the reasons discussed in Judge Tarnofsky's Order, this Opinion & Order uses the terms
"legal representative," "guardian ad litem," "guardian" and "next friend" interchangeably.

2024, Brad and his wife Stacey Roberts ("Stacey") filed this action against Defendant, alleging medical malpractice, lack of informed consent, negligent hiring and supervision and loss of consortium.  On January 10, 2025, before any discovery, Defendant moved for summary judgment, arguing that the claims are barred by the broad releases in the agreements Plaintiffs signed in March 2024 (the "Agreements") in connection with their respective separations from Intervenor-Plaintiff LifeMD, Inc. ("LifeMD").  In opposing the motion, Plaintiffs argued that, as a result of Defendant's malpractice, Brad lacked the capacity to execute his Agreement in March 2024 and "remains incapacitated."  The September 25, 2025, Opinion & Order denying summary judgment held that the releases in the Agreements unambiguously cover the claims pleaded in this suit, but that "[a] genuine dispute of material fact exists as to Brad's capacity to contract -- and, therefore, the enforceability of the Agreements signed by Brad."

On November 21, 2025, Defendant filed a letter regarding a proposed motion for (1) disqualification of Plaintiffs' counsel under RPC 3.7 (also known as the "witness-advocate rule"), which prohibits an attorney from serving as an advocate before a court "in a matter in which the lawyer is likely to be a witness on a significant issue of fact," on the basis that counsel will be critical witnesses concerning Brad's alleged incompetence and (2) a determination under Rule 17(c) as to whether Brad requires the appointment of a guardian ad litem or other legal representative.  On the first point, Defendant argued that Plaintiffs' counsel must be disqualified because they "possess[] unique, first-hand knowledge of [Brad]'s competency shortly after he entered into the Agreement," meaning their "testimony is indispensable to a central issue in the case."  On the second point, Defendant argued that because Plaintiffs assert that Brad currently lacks capacity and "substantial evidence of [Brad]'s incompetence is before the Court," the Court

2

is required to determine whether, under Rule 17(c), Brad is incompetent and requires a guardian to prosecute the action on his behalf.

On November 23, 2025, Plaintiffs filed an opposition letter. First, Plaintiffs argued that disqualification is inappropriate because Plaintiffs' counsel has no relevant, non-privileged information regarding Brad's capacity during the relevant period, and dozens of more appropriate witnesses are available to testify on the issue, including over one hundred medical providers. Second, Plaintiffs argued that there "is no reason to revisit the Court's prior decision that capacity would be decided by a jury at trial," but in any event, Plaintiffs would consent to the appointment of Stacey as Brad's next friend. Plaintiffs also alleged that "Defendant's concern over Brad's ability to participate in this litigation is feigned" and a strategic attempt to delay resolution of the action.

On December 5, 2025, Judge Tarnofsky held a conference on the pre-motion letter. She stated that she did not "see any need to disqualify [Plaintiffs'] counsel" because other witnesses are better positioned to discuss Brad's mental status. She also stated that appointing a next friend -- without holding an evidentiary hearing on Brad's capacity and with Brad's consent -- could prevent "wast[ing] . . . party and judicial resources" while "obviat[ing]" any future concerns regarding Brad's competency. Following the conference, at Judge Tarnofsky's request, the parties filed additional letters addressing whether a family member of Brad would be suitable for appointment as Brad's next friend.

On February 12, 2026, Judge Tarnofsky issued the Order, which grants in part and denies in part Defendant's application. The Order granted Defendant's application for appointment of a legal representative for Brad in that either his mother or sister is required to serve as his next friend in this action. The Order denied Defendant's application to disqualify Plaintiffs' counsel

3

and to hold a hearing to determine whether Brad requires the appointment of a legal representative.

On February 18, 2026, in light of the Order, Plaintiffs filed the Second Amended Complaint reflecting that Brad's mother, Abbe Roberts, is serving as Brad's next friend.  On February 26, 2026, Defendant timely filed its Objections to the Order.

## II.    STANDARD

"When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge," the district court "must consider timely objections" to the magistrate judge's ruling and must "modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a); *accord* 28 U.S.C. § 636(b)(1)(A).  "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."[3]  *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).  An order is "contrary to law if it fails to apply or misapplies relevant statutes, case law, or rules of procedure."  *Newman v. Bayer Corp.*, 348 F.R.D. 567, 575 (S.D.N.Y. 2025).  "It is well-settled that a magistrate judge's resolution of a nondispositive matter should be afforded substantial deference and may be overturned only if found to have been an abuse of discretion."  *McAllan v. Von Essen*, 517 F. Supp. 2d 672, 678 (S.D.N.Y. 2007); *accord Bush v. Stone*, No. 24 Civ. 2359, 2026 WL 522994, at *1 (S.D.N.Y. Feb. 25, 2026).  Thus, "[t]he party objecting to a magistrate judge's order carries a heavy burden."  *Newman*, 348 F.R.D. at 575.

---

[3] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

### III.    DISCUSSION

The Order, which is thorough and well-reasoned, is not clearly erroneous or contrary to law.  The Objections are overruled.

#### A.    Disqualification of Plaintiffs' Counsel

First, the Order's denial of Defendant's request to disqualify Plaintiffs' counsel under RPC 3.7 is neither clearly erroneous nor contrary to law.  Because "[RPC] 3.7 lends itself to opportunistic abuse," motions to disqualify counsel under the rule "are subject to fairly strict scrutiny."  *Murray v. Metro. Life Ins. Co.*, 583 F.3d 173, 178 (2d Cir. 2009); *accord O'Rear v. Diaz*, No. 24 Civ. 1669, 2024 WL 3983363, at *6 (S.D.N.Y. Aug. 29, 2024).  "Disqualification may be required only when it is likely that the testimony to be given by counsel is necessary."  *Purgess v. Sharrock*, 33 F.3d 134, 144 (2d Cir. 1994); *accord Hubbuch v. J&M Realty Servs. Corp.*, No. 25 Civ. 7642, 2026 WL 380709, at *7 (S.D.N.Y. Feb. 11, 2026).  Judge Tarnofsky correctly applied this standard and concluded that she would not disqualify Plaintiffs' counsel because "there are many other witnesses who would be better positioned to discuss [Brad]'s mental status."

The Objections argue that Judge Tarnofsky committed clear error in determining that Plaintiffs' counsel are not necessary witnesses because only Plaintiffs' counsel was present at Brad's meetings with his attorneys during the period shortly after Brad entered into the Agreement, when he began attempting to renegotiate the Agreement.  According to the Objections, this means that Plaintiffs' counsel "are likely the only fact witnesses . . . who can explain how [Brad] was able to engage counsel and participate in the representation in close proximity to when he was supposedly unable to contract with [LifeMD], how [Brad] was able to participate in a full-day mediation [regarding the Agreement] without the presence or

5

participation of a next friend or similar representative . . . and how [Brad] was able to authorize

this lawsuit."  But both sides have disclosed numerous witnesses -- both medical providers and

lay witnesses -- who are available to testify to Brad's mental state during the time period

referenced by Defendant.  On this record, it was not clearly erroneous for Judge Tarnofsky to

conclude that Plaintiffs' counsel's testimony is unnecessary at trial and that disqualification is

thus unwarranted.

      **B.**      **Rule 17(c) Issues**

          **1.  Competency Hearing**

Second, the Order's denial of Defendant's request for a competency hearing for Brad is

neither clearly erroneous nor contrary to law.  Rule 17(c)(2) requires a district court to "appoint a

guardian ad litem -- or issue another appropriate order -- to protect a minor or incompetent

person who is unrepresented in an action."  The rule, however, does not address when a

competency hearing should be held and does not require the district court to hold a hearing.

"[T]he discretionary nature of Rule 17(c)" means that "the ultimate decision as to whether or not

to appoint a next friend [is left] with the sound discretion of the district court."  *Doe v. Hochul*,

139 F.4th 165, 179 (2d Cir. 2025).  Judge Tarnofsky permissibly exercised her discretion in

concluding that (1) a hearing to determine Brad's competence is unnecessary at this stage of the

action and (2) the appointment of a next friend with Brad's consent will adequately address any

concerns regarding Brad's capacity while "mitigat[ing] any risk of erroneously depriving

Brad . . . of his liberty interest in controlling the litigation."

The Objections argue that this decision is both clearly erroneous and contrary to law

because under *Ferrelli v. River Manor Health Care*, 323 F.3d 196 (2d Cir. 2003), the district

court is obligated to hold a hearing where, as here, it is faced with verifiable evidence that the

party in question is incompetent.  According to the Objections, "Plaintiffs have repeatedly presented the Court with evidence that [Brad] is *presently* incapacitated," including affidavits from medical providers and a report by Plaintiffs' damages expert.  The Objections argue that Judge Tarnofsky's failure to hold a hearing in the face of such evidence is clear error, as well as a "misappli[cation] of *Ferrelli*."

As an initial matter, this argument rests on a factual premise Judge Tarnofsky does not accept:  that she was presented with "verifiable evidence" of Brad's current incompetence. Judge Tarnofsky considered the potential evidence -- affidavits, reports and records submitted by Plaintiffs during summary judgment briefing -- and concluded that "none of [it] is dispositive of [Brad]'s current mental status" because, as Defendant itself has argued, even the most recent documents are over a year old.  This finding is not, as the Objections argue, clearly erroneous.

Even assuming that Judge Tarnofsky received verifiable evidence of Brad's current incompetence, Defendant's argument still fails because it overstates the Second Circuit's guidance in *Ferrelli*.  In *Ferrelli*, the Second Circuit noted that "it likely would be an abuse of the [district] court's discretion not to consider whether Rule 17(c) applied" if the court "received verifiable evidence" that the party was incompetent.  323 F.3d at 201.  But nowhere in *Ferrelli* does it state that the district court is required to conduct a formal evidentiary hearing as part of its inquiry into whether Rule 17(c) applies.  In fact, the Second Circuit concluded in *Neilson v. Colgate-Palmolive Co.* that the district court was not required to hold a hearing before appointing a next friend where the court "conclud[ed] that the submissions of the parties rendered it unnecessary," underscoring that in such an instance, "requir[ing] the district court to conduct a formal, evidentiary hearing . . . would consume a significant amount of judicial resources, cause delay, and accomplish little."  199 F.3d 642, 652-54 (2d Cir. 1999).  Here, Judge

7

Tarnofsky considered the parties' submissions and the record and addressed the issue at a conference before concluding that, while the appointment of a next friend under Rule 17(c) is proper, a hearing at this stage would be unnecessary and "a distraction from the core issues in this matter." That determination was well within her discretion and is not contrary to *Ferrelli*.

### 2. Appointment of Next Friend

Finally, the Order's appointment of a next friend for Brad is neither clearly erroneous nor contrary to law. "Because a litigant possesses liberty interests in avoiding the stigma of being found incompetent, and in retaining personal control over the litigation," due process "limits the district court's discretion with respect to the procedures used before appointing a guardian ad litem." *Neilson*, 199 F.3d at 651; *accord Cruz v. Lee*, No. 14 Civ. 4870, 2023 WL 7384639, at *1 (S.D.N.Y. Nov. 8, 2023). "To determine the amount of process due, [courts] must weigh (1) the private interest affected by the official action; (2) the risk of an erroneous deprivation of that interest through the procedures used, and the probable value of additional or different procedural safeguards; and (3) the government's interest." *Neilson*, 199 F.3d at 651; *accord Cruz*, 2023 WL 7384639, at *1. The Order considers these three factors and concludes that due process considerations "do not prevent [the Court] from exercising [its] broad discretion to require [Brad] to litigate this case through a next friend." The Order notes that Brad's consent to the appointment "mitigates any risk of erroneously depriving [Brad] of his liberty interest in controlling the litigation," "reduces the potential stigma of appointing a next friend for him" and "counterbalances any public interest in declining to appoint a next friend for him."

The Objections argue that the Order commits clear error in relying on Plaintiffs' consent to the appointment, because if -- as Plaintiffs allege -- Brad is incompetent, "it is not evident that he possesses the cognitive ability to knowingly relinquish his due process right to control his

litigation." This argument disregards Judge Tarnofsky's conclusion that she "ha[s] no basis to conclude that any cognitive impairment experienced by [Brad] in March 2024 or thereafter was permanent" and thus that "there is no significant verifiable evidence before the Court that [Brad] is currently incompetent." In light of that finding, it was neither clearly erroneous nor contrary to law for Judge Tarnofsky to consider Brad's expressed preferences and appoint a next friend as a protective measure within her discretion under Rule 17(c).

## IV.    CONCLUSION

For the foregoing reasons, Defendant's Objections to the Order are **OVERRULED**.

Dated: April 30, 2026
        New York, New York

_____
        **LORNA G. SCHOFIELD**
    **UNITED STATES DISTRICT JUDGE**