Graff Silverstein LLP
ATTORNEYS AT LAW

David Graff, Esq.
Matthew J. Silverstein, Esq.
3 Middle Patent Road
Armonk, NY 10504
dgraff@graffsilversteinllp.com
(914)-844-5939

August 27, 2026

**<u>Via ECF</u>**

Hon. Robyn F. Tarnofsky
United States Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

**Re:** *Roberts v. LifeMD Atlantic Patient Medical Care, P.C. & LifeMD, Inc. v. Roberts*, No. 24-CV-08162-LGS-RFT (S.D.N.Y.) — Joint Letter-Motion to Stay Discovery Deadlines Pending Mediation

Dear Judge Tarnofsky:

We represent Plaintiffs Brad Roberts, by and through his next friend Abbe Roberts, and Stacey Roberts (together, "Plaintiffs") in the above-referenced action. We respectfully submit this letter jointly with, and with the full consent of, counsel for Defendant/Counterclaim-Plaintiff LifeMD Atlantic Patient Medical Care, P.C. and Intervenor-Plaintiff LifeMD, Inc. (together, "Defendants," and with Plaintiffs, the "parties"). Pursuant to Federal Rule of Civil Procedure 16(b)(4), Local Civil Rule 7.1(e), and Rule I(D) of Your Honor's Individual Rules, the parties jointly and respectfully request that the Court stay each of the remaining discovery deadlines set forth in the Court's most recent scheduling order, Dkt. 138, until the parties complete a private mediation. The mediation will proceed before Martin F. Scheinman, Esq. on one of the following three dates: November 9, 2026, November 17, 2026, or November 23, 2026. The parties are conferring, in a cooperative fashion, on which of those dates works best for the mediation. Specifically, the parties request that each deadline be stayed until forty-five (45) days following the mediation. The parties will provide the Court with the locked-in mediation date by supplemental letter as soon as it is confirmed. Because the parties are finalizing the mediation date, they wanted to advise the Court of this request as soon as possible.

Under the Court's June 2, 2026 Order granting the parties' application to extend the discovery deadlines, Dkt. 138, two deadlines remain. The deadline for the completion of all fact discovery is September 28, 2026, and the deadline for the completion of all expert discovery is November 30, 2026. Dkt. 138. The parties respectfully request that each of these deadlines be stayed until forty-five (45) days following the mediation. The parties will, of course, continue to file joint status letters on the first business day of every month as directed by the Court. Dkt. 138.

Significantly, Plaintiffs and Defendants have already met and conferred concerning the anticipated discussions during the mediation, and both sides believe the mediation will be productive. To that end, the parties have agreed to devote their full efforts to preparing for the mediation and not to conduct depositions between the date of this letter and the date of the mediation.

The parties reasonably believe that, with Mr. Scheinman's assistance, a settlement of this matter is more than possible.

The parties similarly reasonably believe that this case has reached an inflection point. The parties stand just before the start of, at a minimum, 15 fact depositions, collectively, and close to 10 expert depositions, collectively. At this moment, settlement remains possible, but the cost of prosecuting and defending this case is about to escalate substantially. By mediating now, the parties can avoid that cost and put it towards settlement instead. *More significantly*, mediating now avoids the escalating hostilities that depositions inevitably bring and avoids the parties becoming further entrenched in their respective positions, one way or the other, because of those depositions.

A stay carries little downside even if the mediation does not immediately succeed. In that event, the parties can promptly resume the discovery process while continuing to engage the mediator as discovery proceeds — dual-tracking the case and keeping settlement options open throughout the remainder of the litigation. What the parties cannot reasonably do, however, is both at once. Preparing for the initial mediation session requires mediation statements, expert memoranda, exhibits to each, and preparing experts and critical fact witnesses to discuss matters directly with the mediator – and, in the case of experts, potentially the opposing party. That work cannot reasonably be completed while simultaneously conducting all of the depositions that will be necessary in this matter.

To be clear, Plaintiffs want to progress this litigation and stand ready to proceed with the nine depositions already noticed for September. Plaintiffs believe, however, that Defendants — anchored by their new counsel at Gordon Rees Scully Mansukhani, LLP, see Dkt. 144 — are prepared to engage in a genuine, good-faith effort to resolve this matter. On balance, Plaintiffs are therefore prepared to suspend hostilities and hold depositions in abeyance until the parties can mediate this matter in good faith in November. The Parties' agreement to participate in mediation and the proposed pause in discovery is without prejudice to their rights and positions in this action, including with respect to the sequencing of discovery and the completion of outstanding discovery. If the matter is not resolved through mediation, the parties can then address the appropriate scheduling of depositions.

We thank the Court for its continued attention to this matter. The parties are available for a conference to discuss this request, at the court's convenience, if the Court deems it necessary.

Respectfully submitted,

/s/ David Graff
David Graff
Counsel for Plaintiffs

cc: All Counsel of Record (via ECF)

Application GRANTED. The deadline for completing fact discovery is extended until **January 6, 2027**, and the deadline for expert discovery is extended until **March 5, 2027**.

The Clerk of Court is respectfully requested to terminate ECF 155.

Dated: August 27, 2026
New York, NY

SO ORDERED

ROBYN F. TARNOFSKY
UNITED STATES MAGISTRATE JUDGE